UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL ALEXANDER,

                Petitioner,

        v.                                                Case No. 26-cv-0905-bhl

CHRISTOPHER M. STEVENS, Warden

                Respondent.

## SCREENING ORDER AND DISMISSAL

On May 21, 2026, Petitioner Michael Alexander, a state prisoner currently incarcerated at Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.) He paid the $5.00 filing fee on June 8, 2026.[1] Alexander's petition is now ready for screening.

Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen Alexander's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] On June 15, 2026, Alexander filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 3.) The Court will deny this motion as moot because Alexander paid the filing fee on June 8, 2026.

## BACKGROUND

Alexander was charged in Milwaukee County Circuit Court with second-degree sexual assault, strangulation and suffocation, substantial battery, and threatening a law enforcement officer. *See State v. Alexander*, No. 2024AP622-CRNM, 2025 WL 1514037 (Wis. Ct. App. May 28, 2026). The charges against him stem from a March 2022 incident in which the victim, A.W., reported to police that Alexander came to her apartment where they drank and smoked crack. *Id.* at \*1. After a neighbor called A.W. about money she owed him, Alexander made comments about A.W. "messing with all these men," threw her on the bed, threated to kill her and started choking her. *Id.* A.W. attempted to get away but Alexander caught her, punched her in the face, and sexually assaulted her. *Id.* Ultimately, A.W. was able to get away and reported the assault to a security guard who called the police. *Id.* Alexander was arrested and became argumentative with the police officers, throwing himself on the ground, kicking the back of the squad car, and yelling. *Id.*

Alexander opted to resolve the charges without a trial. Pursuant to a written plea agreement, Alexander pleaded no contest to the sexual assault and threat to an officer and the state then dismissed the other charges against him. *Id.* After accepting Alexander's plea, the circuit court imposed sentences of fourteen years of initial confinement followed by fourteen years of extended supervision for the sexual assault charge and time served—271 days—for the threat to an officer. *Id.*

On appeal from the sentence, Alexander's appellate counsel filed a no-merit report. The no-merit report addressed two issues: whether Alexander had a non-frivolous basis to appeal the validity of his pleas and whether the circuit court erroneously exercised its discretion in sentencing him. *Id.* at \*2. In response to the report, Alexander raised a single issue—that a statement by a "ghost victim" violated his constitutional right to confront adverse witnesses. *Id.*

On May 28, 2025, the Wisconsin Court of Appeals accepted the no-merit report, affirmed the conviction, and discharged appellate counsel of the obligation to represent Alexander. *Id.* \*3. The appellate court concluded there would be no arguable merit to an appeal of either of the issues raised by counsel. *Id.* It also addressed Alexander's "ghost victim" point. The court of appeals presumed that Alexander was referring to a 2013 sexual assault, which the circuit court had considered as part of Alexander's criminal history. *Id.* at 2. It then concluded that Alexander's

criminal history, including this sexual assault, was a relevant factor for purposes of sentencing, and was thus firmly within the circuit court's discretion to consider. *Id.*

Alexander petitioned the Wisconsin Supreme Court for review of the court of appeals ruling, but his petition was denied on February 12, 2026. (ECF No. 1 at 3.) Alexander states he did not petition for certiorari in the United States Supreme Court and has not pursued any additional post-conviction motion relief. (*Id.* at 4.) On May 21, 2026, Alexander filed this petition. (*Id.*)

In his petition, Alexander asserts four grounds for relief. The first three grounds refer to a "ghost victim." In ground one, Alexander asserts that the "ghost victim's" statement violated his constitutional right to confrontation and he never "received any discovery." (*Id.* at 6–7.) In ground two, Alexander alleges that that "the trial court should have never accepted the plea knowing that it was relying [on] a ghost statement" [at sentencing] and again contends that he was never provided any discovery. (*Id.* at 7.) In ground three, Alexander contends that the trial court abused its discretion when it allowed the use of an "ex parte communication of a[n] out of court statement made by a ghost victim" in violation of his Sixth Amendment rights. (*Id.* at 8.) In ground four, Alexander alleges "prosecutorial misconduct." (*Id.* at 9.)

## ANALYSIS

Alexander's petition appears to be timely. Under 28 U.S.C. §2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. Alexander's conviction became "final," and his one-year limitations period began to run, on May 13, 2026, ninety days after the Wisconsin Supreme Court's denial of his petition for review. Alexander filed his petition on May 21, 2026, less than ten days later.

Alexander's effort to achieve habeas relief fails, however, because he has not exhausted all his habeas claims. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose*, 455 U.S. at 510; *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

It appears that Alexander exhausted grounds one, two, and three. All relate to the issues raised by Alexander's counsel in his no-merit report or by Alexander in his response to the no-merit response, and all were rejected by the Wisconsin Court of Appeals. *Alexander*, 2025 WL 1514037 at *2. Ground four, however, is not exhausted. Alexander alleges "prosecutorial misconduct" and contends that the district attorney "used an illegal scare tac[]tic" to force Alexander to "take a charge that had nothing to do with [his] case." (ECF No. 1 at 9.) This ground was never raised to the Wisconsin Court of Appeals.

As previously noted, a federal court "may not adjudicate mixed petitions for habeas corpus, that is petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose*, 455 U.S. at 510). In this case, dismissing Alexander's petition will not jeopardize his ability to later file a timely habeas petition because he has not filed his petition "close to the end of the 1-year" statute of limitations. *Id.* at 275. Section 2244(d)(2) of the federal habeas statute states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The statute of limitations started to run on May 13, 2026. Assuming that Alexander's postconviction motion is "properly filed," the federal habeas clock will not start running again until that motion no longer is pending. As an example, if Alexander were to promptly file his postconviction motion on or before July 13, 2026, he would have approximately ten months to file his federal habeas petition after his state court remedies are exhausted. Consequently, dismissing Alexander's habeas petition will not jeopardize his ability to refile a timely habeas petition once he has exhausted all his claims. The Court will therefore dismiss Alexander's petition. Alexander may refile his habeas petition once he has exhausted his state court remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2254 is **DISMISSED without prejudice** for failure to exhaust state remedies.

The Clerk of Court is to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 25, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge